# Rowen *versus* King & Schrack.

No admission of a debt by a party, much less by an agent, can be strong enough to preclude the person from showing that it was made in ignorance of his rights.

A judgment entered by a justice of the peace upon the confession of the party or his agent, is subject to an appeal.

ERROR to the Common Pleas of *Somerset county.*

An action was brought by King & Schrack against Sarah Rowen, before a justice of the peace, to recover a debt which the defendant's son owed the plaintiffs.   Mrs. Rowen employed a man by the name of Garrison Smith to attend to the suit as her agent, and he employed counsel to appear before the justice and make

VOL. I.—52

defence. On the day of appearance Smith, and the counsel of Mrs. Rowen, and the plaintiffs and their counsel, appeared before the justice. After some proceedings and conversation among the parties it was stated that judgment should be entered for the defendant. Her counsel then retired, but ascertained afterwards that Smith had confessed a judgment against the defendant for $93.95. He applied to the justice to open the judgment, which was refused, and the defendant then appealed. The appeal was entered in the Common Pleas on the 20th January, 1855, to February term. On the 27th August, 1855, at the third term after the appeal, a rule was granted to show cause why the appeal should not be quashed; which rule was made absolute on the 18th September following. To reinstate the appeal this writ was sued out by the defendant below.

*Gaither,* for plaintiff in error.—The agent had no authority to confess the judgment in this case. It would require a special authority for that purpose: 5 *W. & S.* 548; 2 *Harris* 105; 2 *Kent* 793. The motion to quash was made too late: 3 *Barr* 354; 1 *Jones* 280.

*Edie,* for defendant in error.—It appears from the evidence given on the argument of the motion, that Smith was instructed by defendant to attend to the cause as if it were his own. This, it is submitted, would confer the power to confess a judgment. If he could confess a judgment in his own case, he could do so in this.

No appeal can be taken from a judgment confessed.

The cases cited from 3 *Barr* and 1 *Jones* by plaintiff in error, do not sustain the position assumed in this case. There declarations had been filed, and the causes tried before arbitrators. Here nothing was done after the appeal, and the motion is believed to be in time.

The opinion of the Court was delivered by

BLACK, J.—The defendant below was sued before a justice and employed an agent, who, instead of making her defence, confessed judgment against her for $93.95. From this judgment she afterwards appealed, but the Court, being of opinion that an appeal would not lie, quashed it.

Every person, against whom a justice of the peace renders a judgment, is entitled, of common right, to an appeal and a trial by jury. It has never. yet been decided that it makes any difference whether the judgment was obtained by confession or otherwise. A judgment may be confessed by mistake, or in consequence of imposition, or it may be done fraudulently by a corrupt agent. In such case, what is the remedy, and how shall justice be reached?

[Rowen v. King & Schrack.]

The justice is not bound by the statute to open the judgment, and a *certiorari* would be of no avail. If the wronged party discovers his situation in time to appeal, he ought not to be turned out of Court. When the judgment is confessed by the defendant in person, it is evidence that the debt is just, and may be proved for that purpose. But no admission of a debt can be strong enough to preclude the party from showing that it was made in ignorance of his rights. Much less can the admission of an agent have that effect.

Appeal reinstated and record remitted with a *procedendo*.